# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| PATRICIA EAGAN, on behalf of herself and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>ORACLE CORPORATION,<br><br>   Defendant. | **Case No.: 1:25-cv-01805-ADA-SH** |
| ARIANNA M. BROWN, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>GLOBALLOGIC INC. and ORACLE CORPORATION,<br><br>   Defendants. | **Case No.: 1:25-cv-01824-ADA-SH** |
| ASHLEY SAINVIL, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>GLOBALLOGIC INC. and ORACLE CORPORATION,<br><br>   Defendants. | **Case No.: 1:25-cv-01854-ADA-SH** |

| | |
|---|---|
| YERINA HERNANDEZ, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>ENVOY AIR INC. and ORACLE CORPORATION,<br><br>  Defendants. | **Case No.: 1:25-cv-01862-ADA-ML** |
| DANIELLE GOMEZ, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>LKQ CORPORATION and ORACLE CORPORATION,<br><br>  Defendant. | **Case No.: 1:25-cv-01864-ADA** |
| BRADLEE WILSON, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>DAVID YURMAN ENTERPRISES, LLC and ORACLE CORPORATION,<br><br>  Defendants. | **Case No.: 1:25-cv-01865-ADA-SH** |

| | |
|---|---|
| MICHAEL GARZA, individually and on behalf of all others similarly situated, | **Case No.: 1:25-cv-01866-ADA-SH** |
| Plaintiff, | |
| v. | |
| MASTEC, INC. and ORACLE CORPORATION, | |
| Defendants. | |
| LISA MAGNUSSON, individually and on behalf of all others similarly situated, | **Case No.: 1:25-cv-01868-ADA-SH** |
| Plaintiff, | |
| v. | |
| GLOBALLOGIC INC. and ORACLE CORPORATION, | |
| Defendants. | |
| DANIEL HUNTLEY, individually and on behalf of all others similarly situated, | **Case No.: 1:25-cv-01871-ADA-SH** |
| Plaintiff, | |
| v. | |
| TRIMBLE, INC. and ORACLE CORPORATION, | |
| Defendants. | |

| | |
|---|---|
| MARY JO BARIL, *et al.*, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>ORACLE CORPORATION, *et al.*,<br><br>    Defendants. | **Case No.: 1:25-cv-01873-ADA-SH** |
| JUAN JIMENEZ, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>MILGARD MANUFACTURING LLC and ORACLE CORPORATION,<br><br>    Defendants. | **Case No.: 1:25-cv-01877-ADA-SH** |
| JUSTIN DALTON, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>RHEEM MANUFACTURING COMPANY and ORACLE CORPORATION,<br><br>    Defendants. | **Case No.: 1:25-cv-01893-ADA-SH** |

| | |
|---|---|
| AMBER R. WOODSON, *et al.*, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br>v.<br><br>ORACLE CORPORATION, *et al.*,<br><br>   Defendants. | **Case No.: 1:25-cv-01902-ADA-SH** |
| MARK PETERSON, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF PHOENIX, INC. and ORACLE CORPORATION,<br><br>   Defendants. | **Case No.: 1:25-cv-01915-ADA-SH** |
| RENAE SHIKE, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>ORACLE CORPORATION and ABBOTT LABORATORIES,<br><br>   Defendants. | **Case No.: 1:25-cv-01916-ADA-SH** |

| | |
|---|---|
| ROBERT HIGHTOWER, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>TRIMBLE, INC. and ORACLE CORPORATION,<br><br>    Defendants. | **Case No.: 1:25-cv-01921-ADA-SH** |
| ALLAN LAMERE, *et al.*, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>ORACLE CORPORATION, et al.,<br><br>    Defendants. | **Case No.: 1:25-cv-01923-ADA-SH** |
| JAMES NANCE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>ORACLE CORPORATION and WP COMPANY LLC d/b/a THE WASHINGTON POST, *et al.*,<br><br>    Defendants. | **Case No.: 1:25-cv-01924-ADA-SH** |

| | |
|---|---|
| ERIC KING, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>ORACLE CORPORATION and INTEGRA LIFESCIENCES HOLDING CORPORATION,<br><br>  Defendants. | **Case No.: 1:25-cv-01925-ADA-SH** |
| JAKE PETERSON, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>TRIMBLE INC. and ORACLE CORPORATION,<br><br>  Defendants. | **Case No.: 1:25-cv-01927-ADA-SH** |
| IVONNE VALDES, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>ORACLE CORPORATION and SCHNEIDER ELECTRIC USA, INC.,<br><br>  Defendants. | **Case No.: 1:25-cv-01928-ADA-SH** |

| | |
|---|---|
| ANNETTE BARNES, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>ORACLE CORPORATION and COX ENTERPRISES, INC.,<br><br>   Defendants. | **Case No.: 1:25-cv-01935-ADA-SH** |
| CAROL SMOUSE, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>CANON U.S.A., INC. and ORACLE CORPORATION,<br><br>   Defendants. | **Case No.: 1:25-cv-01952-ADA-SH** |
| ANDREW TORRENTE, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>ORACLE CORPORATION and SCHNEIDER ELECTRIC USA,<br><br>   Defendants. | **Case No.: 1:25-cv-01960-ADA-SH** |

| | |
|---|---|
| CYNTHIA SMITH, MICHAEL ELLIS, DOLORES FERRERO, GERRY GRECO, KIMBERLY MARTEL, TIMOTHY MARTINS, JOSEPH MOLINA, PATRICK REYNOLDS, LEONID ROSENBOIM, MATTHEW SAMPSON, HENRY SANCHEZ, and BENJAMIN WAND, individually and on behalf of all others similarly situated, | **Case No.: 1:25-cv-01964-ADA-SH** |
| Plaintiffs | |
| v. | |
| ORACLE CORPORATION, et al., | |
| Defendants. | |
| SARAH BRUMWELL, CINDY CLARK, MATT CULPEPPER, STEVE LANDES, KIMBERLEY MADSEN-PRICE, STACY RANSON, DAWN STRATTON, and APRIL WATTS individually and on behalf of themselves and all others similarly situated, | **Case No.: 1:25-cv-01980-ADA-SH** |
| Plaintiffs, | |
| v. | |
| ORACLE CORPORATION, EMERSON ELECTRIC, CO., INTEGRA LIFESCIENCES CORPORATION, CANON U.S.A., INC., THE UNIVERSITY OF PHOENIX, INC., ABBOTT LABORATORIES, WP COMPANY LLC D/B/A THE WASHINGTON POST, MICHELIN NORTH AMERICA, INC., LOGITECH INC., and HUMANA, INC., | |
| Defendants. | |

| | |
|---|---|
| LINDA CURLEE, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>THE UNIVERSITY OF PHOENIX, INC. and ORACLE CORPORATION,<br><br>  Defendants. | **Case No.: 1:25-cv-01999-ADA-SH** |
| PATTY BLOUNT, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>ORACLE CORPORATION, and CANON U.S.A., INC,<br><br>  Defendants. | **Case No.: 1:25-cv-2003-ADA-SH** |
| CINDY VOLSKY, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>ORACLE CORPORATION, and HUMANA INC.,<br><br>  Defendants. | **Case No.: 1:25-cv-02004-ADA-SH** |

| | |
|---|---|
| BRUCE BENNETT, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>ORACLE CORPORATION, COX ENTERPRISES, INC., EMERSON ELECTRIC CO., and WP COMPANY LLC d/b/a THE WASHINGTON POST,<br><br>    Defendants. | **Case No.: 1:25-cv-02006-ADA-SH** |
| KHIANNA PARKS, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>ENVOY AIR INC. and ORACLE CORPORATION,<br><br>    Defendants. | **Case No.: 1:25-cv-02034** |
| CHRISTOPHER ANDREW DALY III, MATTHEW BENJAMIN ROSS, CURTIS SMITH, and EMMA DONALD, on behalf of themselves and all others similarly situated<br><br>    Plaintiffs,<br><br>v.<br><br>ORACLE CORPORATION, CSC GLOBAL ENTERPRISES, LLC, TRUSTEES OF DARTMOUTH COLLEGE, and MASTEC, INC.<br><br>    Defendants. | **Case No.: 1:25-cv-02039-ADA-SH** |

| | |
|---|---|
| YAMMARII LONG, JOSE GUARDADO, and NICOLE HUGHES, individually and on behalf of all others similarly situated, | **Case No.: 1:25-cv-02072-ADA-SH** |
|     Plaintiffs, | |
| v. | |
| ORACLE CORPORATION, LKQ CORPORATION, THE UNIVERSITY OF PHOENIX, INC., | |
|   Defendants. | |
| LASHA VAMPLE on her own behalf and all others similarly situated, | **Case No.: 1:25-cv-02078-ADA-SH** |
|     Plaintiff, | |
| v. | |
| ORACLE CORPORATION and UNIVERSITY OF PENNSYLVANIA, | |
|   Defendants. | |

**PLAINTIFFS' AMENDED UNOPPOSED MOTION TO CONSOLIDATE ACTIONS
AND APPOINT INTERIM CLASS COUNSEL**

## I.    <u>INTRODUCTION AND BACKGROUND</u>

Plaintiffs Annette Barnes, Yerina Hernandez, Danielle Gomez, Michael Garza, Daniel Huntley, Juan Jimenez, Justin Dalton, Mark Peterson, Patricia Eagan, Arianna M. Brown, Ashley Sainvil, Andrew Torrente, Lisa Magnusson, Eric King, James Nance, Ivonne Valdes, Jake Peterson, Amber R. Woodson, Anthony Bryant, Marc Culpepper, Marcus Isaac, Austin Pool, Allan LaMere, Guy Waggoner, Jacob Brannon, James Morrison, Renae Shike, Carol Smouse, Bradlee Wilson, Cynthia Smith, Michael Ellis, Dolores Ferrero, Gerry Greco, Kimberly Martel, Timothy Martins, Joseph Molina, Patrick Reynolds, Leonid Rosenboim, Matthew Sampson, Henry Sanchez, Benjamin Wand, Khianna Parks, Christopher Andrew Daly III, Matthew Benjamin Ross, Curtis Smith, Emma Donald, Yammarii Long, Jose Guardado, Nicole Huges, and Lasha Vample("Plaintiffs"), individually, and on behalf of all those similarly situated, respectfully request that the Court, pursuant to Federal Rules of Civil Procedure 23(g)(3) and 42(a): (1) consolidate the above-styled actions into to the first-filed *Eagan* action, as well as any other future filed or transferred related actions against Defendant Oracle Corporation ("Oracle") (collectively, "Related Actions") under the new case style: "*In re Oracle Corporation Data Breach Litigation*"; (2) appoint Mark Lanier of the Lanier Law Firm; Gary Klinger of Milberg, PLLC; and Jeff Ostrow of Kopelowitz Ostrow P.A. as Interim Co-Lead Class Counsel; (3) appoint Joe Kendall of Kendall Law Group, PLLC as Interim Liaison Counsel;  (4) appoint James Pizzirusso of Hausfeld LLP to the Interim Executive Committee (to work as Settlement Counsel in coordination with Lead Counsel) (collectively, "Proposed Interim Class Counsel"); and (5) appoint additional Interim Executive Committee members including: Tom Loeser of Cotchett, Pitre & McCarthy LLP; Raina Borrelli of Strauss Borelli PLLC; Leigh Montgomery of EKSM, LLP; Gerard Stranch of Stranch, Jennings & Garvey, PLLC; Lynn Toops of Cohen Malad, LLP; William B. Federman of Federman

& Sherwood; David Lawrence of Rigby Slack PLLC; Scott Falgoust of Bryson Harris Suciu Demay PLLC; and Paul Doolittle of Poulin Willey Anastopoulo, LLC; (6) stay the Related Actions, including Defendants' responsive pleading deadlines, and (7) set a schedule directing Plaintiffs to file a Consolidated Complaint within 60 days after the Court grants this motion and appoints Interim Class Counsel.[1]

As discussed below, consolidation is proper because each case is: (i) brought against a common Defendant, Oracle;[2] (ii) is based on the same cybersecurity incident of Oracle's systems that occurred between July and October 2025 (the "Data Breach"); (iii) asserts the same/overlapping allegations and claims for relief; and (iv) seeks to represent the same/overlapping classes. Given the common facts and claims asserted in the actions, consolidation will streamline litigation, ensure that the classes' interests are protected, and preserve judicial and party resources.

Plaintiff Patricia Eagan filed the first-Class Action Complaint concerning Oracle's Data Breach on November 10, 2025, seeking to hold Oracle liable for the disclosure of personally identifiable information ("PII") belonging to herself and all other individuals affected by the Data

---

[1] Plaintiffs' counsel have met and conferred regarding the relief sought in this Motion. Undersigned counsel can confirm that all Plaintiffs' counsel involved in the Related Actions agree on the relief sought in this Motion, including the proposed leadership structure presented to the Court pursuant to Fed. R. Civ. P. 23(g). In addition, Plaintiffs' counsel has met and conferred with counsel for Defendant Oracle, who does not oppose consolidation and takes no position on the appointment of interim class counsel. Oracle disagrees, however, with many of the factual and legal claims in the motion, including Plaintiffs' statements and characterizations concerning the alleged breach, its impacts, and Oracle's business and structure. Plaintiffs' counsel has been unable to meet and confer with the other Defendants regarding their position on the motion and those Defendants have not yet appeared in the Related Actions. During the hearing on December 19, 2025, many additional Defendants were present. None raised any objection to consolidation or the proposed leadership structure at that time.

[2] Oracle is a named defendant in all Related Actions arising from the same data breach incident in Oracle's systems that occurred beginning in July 2025. Oracle is an Austin, TX based cloud-based computing services and data storage company serving thousands of corporate clients. This is a "hub-and-spoke" data breach in which Oracle is the "hub," and the other Defendants are the "spokes."

Breach. Subsequently, thirty-four additional Related Actions[3] were filed in this Court arising from the same Data Breach, alleging the same operative facts, and asserting substantially identical claims on behalf of overlapping putative classes, making consolidation into the first-filed *Eagan* action appropriate.

Plaintiffs in each of the Related Actions allege that Oracle failed to implement reasonable data security practices necessary to safeguard their confidential information, which it collected as part of its business practices. The Related Actions are each a "hub-and-spoke" data breach in which Oracle is the "hub," and the other defendants are the "spokes." Defendant Oracle is an Austin, Texas based computing services and data storage company serving thousands of corporate clients ("Clients"). Oracle's Clients include, but are not limited to, Defendants GlobalLogic Inc., Rheem Manufacturing Co., Trimble, Inc., Integra LifeSciences Holding Corp., Milgard Manufacturing,

---

[3] The currently pending Related Actions are above-captioned and as follows: *Eagan v. Oracle Corporation*, Case No. 1:25-cv-01805-ADA-SH, *Brown v. GlobalLogic Inc. and Oracle Corporation*, Case No. 1:25-cv-01824-ADA-SH, *Sainvil v. GlobalLogic Inc., et al.*, Case No. 1:25-cv-01854-ADA-SH, *Hernandez v. Envoy Air Inc. et al.*, Case No. 1:25-cv-01862-ADA-ML, *Gomez v. LKQ Corporation, et al.*, Case No. 1:25-cv-01864-RP, *Wilson v. David Yurman Enterprises, LLC et al.*, Case No. 1:25-cv-01865-ADA-SH , *Garza v. Mastec, Inc., et al.*, Case No. 1:25-cv-01866-ADA-SH, *Magnusson v. GlobalLogic Inc. et al.*, Case No. 1:25-cv-01868-ADA-SH, *Huntley v. Trimble, Inc. et al.*, Case No. 1:25-cv-01871-ADA-SH, *Baril, et al., v. Oracle Corporation, et al.*, Case No. 1:25-cv-01873-ADA-SH, *Jimenez v. Milgard Manufacturing LLC, et al.*, Case No. 1:25-cv-01877-ADA-SH, *Dalton v. Rheem Manufacturing Company, et al.*, Case No. 1:25-cv-01893-ADA-SH, *Woodson, et al v. Oracle Corporation, et al.*, Case No. 1:25-cv-01902-ADA-SH, *Peterson v. The University of Phoenix, et al.*, Case No. 1:25-cv-01915-ADA-SH, *Shike v. Oracle Corporation, et al.*, Case No. 1:25-cv-01916-ADA-SH, *Hightower v. Trimble*, Case No. 1:25-cv-01921, *LaMere, et al., v. Oracle Corporation*, Case No. 1:25-cv-01923, *Nance v. Oracle Corporation*, Case No. 1:25-cv-01924, *King v. Oracle Corporation*, Case No. 1:25-cv-01925, *Peterson v. Trimble*, Case No. 1:25-cv-01927, *Valdes v. Oracle Corporation*, Case No. 1:25-cv-01928, *Barnes v. Oracle, et al.*, Case No. 1:25-cv-01935, *Smouse v. Canon USA, et al.*, Case No. 1:25-cv-01952, *Torrente v. Oracle Corporation, et al.*, Case No. 1:25-cv-1960; *Smith, et al. v. Oracle Corporation, et al.*, Case No. 1:25-cv-01964; *Brumwell, et al. v. Oracle Corporation, et al.*, Case No.: 1:25-cv-01980; *Smith, et al. v. Oracle Corporation, et al*, Case No. 1:25-cv-01964; *Curlee v. The University of Phoenix, et al.*, Case No. 1:25-cv-01999; *Blount v. Oracle Corporation, et al*, Case No. 1:25-cv-02003; *Volsky v. Oracle Corporation, et al*, Case No. 1:25-cv-02004; and *Bennett v. Oracle Corporation, et al*, Case No. 1:25-cv-02006; *Parks v. Oracle Corporation, et al.*, Case No. 1:125-cv-02034; *Daly et al v. Oracle Corporation et al*, Case No. 1:25-cv-02039; *Long et al. v. Oracle Corporation et al.*, Case No. 1:25-cv-02072; and *Vample v. Oracle Corporation*, Case No. 1:25-cv-02078.

Inc., Envoy Air, Inc., David Yurman Enterprises, LLC, LKQ Corporation, Mastec, Inc., The University of Phoenix, Inc., Schneider Electric USA, Inc., Canon U.S.A., Inc., Michelin North America, MKS Instruments, CSC Global Enterpises, LLC, Dartmouth College, and University of Pennsylvania (collectively, "Defendants"). Each of the Related Actions is predicated on allegations that between July and October 2025, cybercriminals exploited vulnerabilities in Oracle's online network and extracted the PII of Plaintiffs and millions of potential class members that Oracle maintained on behalf of its Clients. Plaintiffs each allege that the Data Breach compromised their sensitive and confidential PII, that Defendants had a duty to safeguard that information and prevent foreseeable threats to its confidential nature, and that Plaintiffs and putative class members are now subject to a present and continuing risk of identity theft and fraud as a result. The Related Actions seek to remedy Defendants' failures and the consequences to Plaintiffs and putative class members arising therefrom. Following the public announcement of the Data Breach, Plaintiffs each filed their complaints as putative class actions on behalf of themselves and all others affected by the Data Breach.

Because the Related Actions before this Court are predicated on the same facts, involve common questions of law and fact, and seek substantially the same relief, consolidation is appropriate. The Related Actions, the parties thereto, and the Court will be best served in a consolidated proceeding, which will preserve party and judicial resources, eliminate the risk of inconsistent rulings, and prevent duplication of effort and unnecessary motion practice.

## II.    ARGUMENT AND AUTHORITIES

### A.    Legal Standard for Consolidation

Federal Rule of Civil Procedure 42(a) provides that:

If actions before the court involve a common question of law or fact, the court may:
(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate

the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

"Rule 42(a) provides district courts with broad authority to consolidate actions that 'involve a common question of law or fact.'" *Luera v. M/V Alberta*, 635 F.3d 181, 194 (5th Cir. 2011) (quoting Fed. R. Civ. P. 42(a)); *see also In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977) ("The trial court's managerial power is especially strong and flexible in matters of consolidation.").

"The purpose of consolidation is to permit trial convenience and economy in administration." *In re Air Crash Disaster at Fla. Everglades*, 549 F.2d at 1014 (citation omitted). Accordingly, "district judges have been urged to make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion." *Id.* at 1013 (citation, quotations, and alterations omitted); *see also St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983) ("Consolidating actions in a district court is proper when the cases involve common questions of law and fact, and the district judge finds that it would avoid unnecessary costs or delay."). The following factors are pertinent to whether to consolidate actions:

> (1) whether the actions are pending before the same court; (2) whether the actions involve a common party; (3) any risk of prejudice or confusion from consolidation; (4) the risk of inconsistent adjudications of common factual or legal questions if the matters are tried separately; (5) whether consolidation will reduce the time and cost of trying the cases separately; and (6) whether the cases are at the same stage of preparation for trial.

*Bayati v. GWG Holdings, Inc.*, 3:22-CV-0410-B, 2023 WL 5925880 *2 (N.D. Tex. Sept. 12, 2023).

**B.  The Court Should Consolidate the Related Actions into *Eagan*.**

The Related Actions, along with any additional cases arising from the same Data Breach, should be consolidated into the first-filed *Eagan* case and promote a single unified action without prejudicing any party. Consolidation will reduce duplicative discovery, prevent inconsistent

rulings, and ensure an efficient pre-trial process.

### 1. *The Related Actions are Pending in the Same Court.*

The Related Actions are all pending in the Western District of Texas, Austin Division. Consolidation is straightforward and promotes judicial economy. Because all Related Actions are filed in this District, the first factor guiding the Court's analysis weighs in favor of consolidation. *See U.S. ex rel Frey v. Health Mgmt. Sys., Inc.*, No. 3:19-cv-1141-B, 2021 WL 9145414, at *2 (N.D. Tex. Mar. 15, 2021) (first factor satisfied when "the cases are pending in the same court").

### 2. *The Related Actions Share Common Parties.*

The second factor is likewise satisfied because all Related Actions are asserted against a common Defendant and seek to certify national classes of similarly situated individuals whose PII was compromised in the Data Breach. *See Lockhart v. El Centro Del Barrio*, No. SA-23-cv-01156, 2024 WL 303253, at *2 (W.D. Tex.) (fact that all cases filed on behalf of same class of data breach victims against same defendant supports consolidation); *Bayati*, 2023 WL 5925880, at *2 (consolidating actions filed on behalf of same proposed class against same defendant). While the named Plaintiffs differ and some actions name defendants in addition to Oracle, they seek to represent the same group of affected individuals and allege substantially similar facts. This factor strongly supports consolidation.

### 3. *Consolidation Does Not Pose a Risk of Prejudice or Confusion.*

Consolidating the Related Actions does not pose a risk of prejudice or confusion. To the contrary, by consolidating the Related Actions, Defendants will be notified of all actions filed against them regarding the same underlying Data Breach which assert overlapping claims, seek similar injunctive and monetary relief, and assert common questions of law and fact. Courts have recognized that consolidation is appropriate where multiple actions arise from the same data breach

event. *See e.g.*, *Lockhart*, 2024 WL 303253, at *2 (finding consolidation appropriate because "Plaintiffs are all patients of Defendant asserting causes of action based on the same data breach resulting from the same cyberattack"); *Kaplan v. 21st Century Oncology Holdings*, No. 2:16-cv-210, 2016 WL 9383330, at *2 (M.D. Fla. July 21, 2016) ("it is clear that common questions of law and fact permeate these cases [because] . . . all of the cases appear to arise from the same alleged" data privacy incident).

Consolidation will uniformly allow Defendants to respond to a single consolidated action rather than responding and filing pleadings in each separate action, causing confusion and prejudice to parties. Thus, the third factor weighs heavily in favor of consolidation.

**4.** ***Consolidation of the Related Actions Will Cure the Risk of Inconsistent Adjudication of Common Factual or Legal Questions if the Matters are Tried Separately.***

As mentioned above, the Related Actions contain similar, if not identical, common questions of law and fact. Trying the Related Actions separately would risk inconsistent findings and rulings in each case arising from the same Data Breach, brought on behalf of the same putative class of individuals affected, against the same Defendant. *See Lockhart*, 2024 WL 303253, at *2 ("[c]onsolidation will ensure consistent rulings and promote judicial economy" where three cases asserted "causes of action based on the same data breach resulting from the same cyberattack"); *JFP Servs., L.L.C. v. Torans*, No. SA-17-CV-00210-FB, 2017 WL 9362704, at *2 (W.D. Tex. Dec. 21, 2017) ("In light of these common questions of law and fact, the Court finds there is a risk of inconsistent adjudication if the Court were to allow these cases to be tried separately before different judges[.]"). Additionally, "[a]ny prejudice to the parties flowing from the consolidation would be minimal in comparison to these considerations." *Id.*; *see also Stoneeagle Servs., Inc. v. Gillman*, No. 3:11-CV-02408-P, 2014 WL 12577069, at *3 (N.D. Tex. Jan. 28, 2014) ("Given the

substantial similarities among the facts and causes of action, the prospect of confusion incumbent on the fact finder will be nominal at best because these cases tell the same story[.]"); *Zolezzi v. Celadon Trucking Servs.*, No. H-08-3058, 2009 WL 736057, at *2 (S.D. Tex. March 16, 2009), ("[T]he risk of prejudice or confusion if the cases are consolidated is minimal. This risk is, therefore, outweighed by the risk of inconsistent judgments should the cases be tried separately."). Because the cases are aligned in legal content, consolidation will streamline the litigation and prevent inconsistent adjudication of common questions of law and fact.

### 5. *Consolidation Will Reduce Costs and Delay.*

The Related Actions are in their early stages. Consolidating these cases now for pretrial purposes will avoid duplicative motions, discovery disputes and judicial workload. Proceeding separately would impose unnecessary cost and delay and risk inconsistent rulings. Consolidation imposes no prejudice and serves the interests of both the Court and the Parties. Importantly, consolidation will certainly reduce the time and costs for all involved by eliminating the need for separate filings, discovery, settlement negotiations, hearings, and trials for the cases arising from the same Data Breach. This factor thus weighs in favor of consolidation. *See Bayati*, 2023 WL 5925880, at *2 (where two actions "make nearly identical legal claims based on the same set of facts," and were "filed on behalf of the same proposed class," consolidation "would therefore promote judicial efficiency"); *Gate Guard Servs. L.P. v. Solis*, No. CIV.A. V-10-91, 2011 WL 2784447, at *15 (S.D. Tex. July 12, 2011) (ordering consolidation where "the same factual and legal issues exist in both cases and consolidating the actions would be more efficient than litigating the two cases separately").

### 6. *The Related Cases are Aligned in Procedural Posture and are at the Same Stage of Preparation for Trial.*

Finally, because all Related Actions are at the same early procedural stage, the sixth factor

weighs in favor of consolidation. *See Doe (S.M.A.) v. Salesforce, Inc.*, No. 3:23-CV-1040-B, 2023 WL 4108845, at *2 (N.D. Tex. June 20, 2023) (granting consolidation where cases at the same pre-trial stage); *Arnold & Co., LLC v. David K. Young Consulting, LLC*, No. SA-13-cv-00146-DAE, 2013 WL 1411773, at *2 (W.D. Tex.) (ordering consolidation where "the cases were filed less than one month apart, no dispositive motions have been filed in either case, and very little discovery has occurred"); *Gabriel v. OneWest Bank FSB*, No. CIV.A. H-11-3356, 2012 WL 1158732, at *1 (S.D. Tex. Apr. 5, 2012) (ordering consolidation where "[n]either case has been set on schedule yet, so the litigation is at the same stage in both"). All Related Actions have been filed in November 2025 and are awaiting response pleadings from Defendants.

Accordingly, because all factors weigh in favor of consolidation, consolidating the Related Actions "is not only appropriate, but would promote this Court's judicial efficiency and economy and would tend to avoid unnecessary costs or delay." *Mayfield v. Am. Auto. Ins. Co.*, No. Civ.A.502CV256C, 2003 WL 21250935, at *2 (N.D. Tex). The Court should therefore consolidate the Related Actions into the first-filed *Eagan* case.

### C.  Legal Standard for Appointment of Interim Class Counsel.

Rule 23(g)(3) explicitly permits a court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." MANUAL FOR COMPLEX LITIG. ("MCL") § 21.11 (4th ed. 2004).

When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Fed. R. Civ. P. 23(g)(1)(A). *See Kjessler v.*

*Zaappaaz, Inc*., No. 4:17-CV-3064, 2018 WL 8755737, at *3 (S.D. Tex. Aug. 31, 2018) (citing *Buonasera v. Honest Co., Inc*., 318 F.R.D. 17, 18 (S.D.N.Y. 2016); *In re Mun. Derivatives Antitrust Litig*., 252 F.R.D. 184, 186 (S.D.N.Y. 2008). Under the rule, a court appointing class counsel must evaluate whether the proposed counsel will fairly and adequately represent the interests of the class. *See* Fed. R. Civ. P. 23(g)(2), (4). In doing so, a court must consider the following factors: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A), (2). A court, in its discretion, also may consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

### D.  The Court Should Appoint Interim Class Counsel.

To avoid inefficiency, duplication, and possible prejudice to Plaintiffs, and consistent with the interests of justice, the moving Plaintiffs respectfully seek the appointment of Mark Lanier of the Lanier Law Firm; Gary Klinger of Milberg, PLLC; and Jeff Ostrow of Kopelowitz Ostrow P.A. as Interim Co-Lead Class Counsel and Joe Kendall of Kendall Law Group, PLLC as Interim Liaison Counsel pursuant to Rule 23(g)(3) of the Federal Rules of Civil Procedure.

The Related Actions currently pending in this Court arise from the same underlying Data Breach and assert nearly identical factual allegations, legal theories and class definitions. As additional cases may follow, appointment of Interim Class Counsel is appropriate at this early stage to ensure that the interests of the putative class are effectively represented, and that litigation is coordinated and efficient.

### 1.  *Proposed Interim Class Counsel Have Performed Substantial Work Investigating This Action.*

One factor courts consider is the work and resources counsel expend investigating the claims being asserted when appointing lead counsel. *See, e.g., Adedipe v. U.S. Bank, Nat. Ass'n*, No. CIV. 13-2687 JNE/JJK, 2014 WL 835174, at *3 (D. Minn. Mar. 4, 2014) (appointing interim class counsel because they "devoted the more substantial effort towards pre-suit investigation and identification of claims"); *In re IndyMac ERISA Litig*., No. CV0804579DDPVBKX, 2008 WL 11343122, at *2 (C.D. Cal. Oct. 7, 2008) (same).

Here, immediately after the public announcement of the Data Breach, Proposed Interim Class Counsel began investigating potential legal claims and remedies for the victims of the breach. Those investigations included, among other things: investigating the facts surrounding the Data Breach, including the identity of and the attack vectors employed by the criminal group claiming credit for the Data Breach; working with a forensic investigator to verify key details of the Data Breach; interviewing numerous consumers injured by the Data Breach; researching legal claims; drafting initial pleadings; and organizing Plaintiffs and their counsel and discussing consolidating the relevant actions and preparing the consolidation and proposed leadership papers. Proposed Interim Class Counsel have dedicated meaningful resources to understanding the Data Breach and the scope of the breach.

Accordingly, the substantial work and investigation to date weigh in favor of appointing Proposed Interim Class Counsel under Fed. R. Civ. P. 23(g)(3), as Proposed Interim Class Counsel are organized, unified, and committed to working together for the best interests of the class. *Dependable Component Supply Corp. v. Murata Mfg. Co*., No. 5:18-CV-00198-EJD, 2018 WL 3388548, at *2 (N.D. Cal. Apr. 27, 2018) (selecting interim counsel based on the effort expended to investigate the claims and the resources available to prosecute the litigation). Proposed Interim Class Counsel are well positioned to continue advancing the litigation efficiently and effectively.

Their appointment will promote efficient case management, minimize duplication of effort, and ensure robust representation in the proposed Class from the outset.

      **2.**   ***Proposed Interim Class Counsel Possess the Necessary Experience, Skill and Knowledge of the Law and are Qualified to Serve as Interim Class Counsel.***

Proposed Interim Class Counsel satisfy all the requirements for appointment by the Court under Fed. R. Civ. P. 23(g)(3). The attorneys and their firms have successfully litigated numerous class actions involving privacy claims on behalf of tens of millions of consumers. Proposed Interim Class Counsel possess the necessary resources to prosecute this litigation, have the support of the Plaintiffs from each of the cases on file, are working together collectively already, and will continue to work in this fashion to manage this litigation effectively and efficiently. Proposed Interim Class Counsels' work, experience, knowledge, resources, and successful track record litigating consumer data breach cases demonstrate that they are superbly qualified to represent the Proposed Class's interests under the factors enumerated in Fed. R. Civ. P. 23.

A primary factor in selecting interim counsel is their experience, skill, knowledge, and familiarity with the relevant law. *See, e.g.*, *In re Meta Pixel Healthcare Litig.*, No. 22-CV-03580-WHO, 2022 WL 18399978, at *2 (N.D. Cal. Dec. 21, 2022). As demonstrated below, Proposed Interim Class Counsel each have substantial data breach class-action experience, resources, and knowledge that will undoubtedly benefit the putative class as this litigation proceeds.

      **i.**   ***<u>Mark Lanier of the Lanier Law Firm, P.C.</u>***

W. Mark Lanier has established himself as one of America's most formidable trial attorneys over a career spanning more than three decades. Mark has secured billions in verdicts and settlements, reshaping the landscape of pharmaceutical liability, medical device litigation, and mass torts while earning international recognition for his innovative trial techniques and compelling courtroom presence.

Mark is the Lanier Law Firm's ("LLF") lead litigation counsel. He received his J.D. from Texas Tech University School of Law in 1984 and immediately began working at Fulbright and Jaworski (now Norton Rose Fulbright). In 1990, Mark founded LLF, and it has grown to over 60 lawyers with great diversity in all areas (gender, race, age, etc.), which enriches our approach and work in any litigation. Our lawyers include Professor Arthur Miller, co-author of the Wright & Miller Federal Practice and Procedures Manual.

As LLF's lead litigation counsel, Mark has tried a range of cases in federal and state forums coast to coast, including class and mass actions, with verdicts from tried cases approaching $20 billion. Currently Mark is lead and liaison counsel in the AT&T Data Breach MDL (N.D. Tex) before the Honorable Ada Brown. In addition, Mark's mass tort experience includes roles as lead or co-lead counsel in multiple multidistrict litigations, including: including APAP litigation (Judge Denise Cote, S.D.N.Y.), Pinnacle Hip litigation (Judge Ed Kinkeade, N.D. Tex.), Google Anti-trust litigation (Judge Kevin Castel, S.D.N.Y.), Biomet hip, and Avandia litigation, as well as serving as lead trial counsel in the National Prescription Opiate litigation (Judge Dan Polster, N.D. Ohio). These appointments reflect the legal community's trust in Mark's ability to handle complex, multi-faceted litigation. LLF has also been appointed to dozens of MDL and state coordinated proceedings.

Mark is frequently invited to speak at annual conferences for MDL judges. Along with Richard Arsenault, Mark developed and maintains the annual MDL Judicial Summit in Aspen, Colorado. Along with speaking at over a dozen other CLE conferences annually, Mark singularly teaches a 3-day Trial Academy for plaintiff attorneys with regular attendance over 1,000 attorneys. Mark teaches all 22 hours of his Trial Academy for plaintiff lawyers each summer spanning three days. With attendance over 1,000, it gives him a chance to interact and network with lawyers from

all 50 states. Additionally, Mark speaks at over a dozen other CLE's annually. Mark has also presented at the Fifth Circuit Judicial Conference and many Bench Bar conferences.

Mark works to have a cooperative and consensus-built, team approach, internally in his firm as well as in MDL's. Through his firm, Mark invests all the necessary time, labor, and money to prosecute firm cases, with all cases being self-funded. Mark has tried a huge number of cases, with 13 that stretched into three months. Mark tried four cases to conclusion in the Pinnacle MDL, which required a ten-million-dollar investment over ten years. Mark works collaboratively through a team-based approach, both internally within the Lanier Law Firm and across the broader MDL structure. Working cooperatively and obtaining consensus is important to him. With offices in New York, Houston, Los Angeles, and Puerto Rico, Mark gets to co-counsel with attorneys around the country and abroad.

Mark believes this consolidated action will profit from a structure with three co-lead counsel from whose firms teams will be created in areas of discovery, briefing, settlement, common benefit fee monitoring, and trial preparation. Mark also believes the Court will be well-served by an early appointment of a Special Master to oversee from inception the efficient handling of matters before Your Honor.

Today, while based in Houston where he lives with his wife Becky and serves as father to five children, Mark continues to lead his national law firm. His practice represents clients from around the world in courtrooms across the United States, maintaining his reputation for taking on and winning complex, high-stakes litigation while never losing sight of his commitment to justice and his clients' needs. In the MDL or consolidated action landscape, any judge before whom Mark has appeared can reference what he brings to the table when tapped to lead or participate in any capacity. A copy of Mr. Lanier's firm resume is attached hereto as ***Exhibit A***.

ii. *Gary Klinger of Milberg, PLLC*

Gary Klinger is a Senior Partner at Milberg, PLLC ("Milberg") and Chair of its Cybersecurity and Data Privacy Practice Group. Mr. Klinger is recognized as one of the most respected data privacy attorneys in the United States, having been ranked by Chambers and Partners as Band 3 for Privacy & Data Security Litigation (2024)[4] and having been selected to Lawdragon's 500 Leading Litigators in America for his accomplishments in privacy litigation (2024).[5] Law360 recently highlighted Mr. Klinger's work in the privacy space.[6]

Mr. Klinger has extensive experience serving as leadership in numerous privacy class actions, including as lead or co-lead counsel in the largest data breaches in the country. *See, e.g., In re: MoveIt Customer Data Security Breach Litigation*, 1:23-md-03083 (D. Mass.) (where Mr. Klinger was appointed to the leadership committee in multi-district litigation involving a data breach that impacted more than 95 million consumers); *Isaiah v. LoanDepot, Inc.*, 8:24-cv-00136-DOC-JCE (C.D. Cal) (where Mr. Klinger was appointed co-lead counsel in a data breach that impacted 17 million consumers). Mr. Klinger and his firm have played an important role in developing the favorable case law that many plaintiffs rely on in the data breach space. *See e.g., Webb v. Injured Workers Pharmacy, LLC*, 72 F.4th 365 (1st Cir. 2023) (Milberg attorneys obtained a decision from the First Circuit reversing the dismissal with prejudice of a data breach case and finding Article III standing); *In re Arthur J. Gallagher Data Breach Litig.*, 631 F. Supp. 3d 573, 586 (N.D. Ill. 2022) (Milberg attorneys largely defeated a motion to dismiss in a data breach case involving 3 million consumers); *Flores v. Aon Corp.*, 2023 IL App. (1st) (230140) (where Mr.

---

[4] Only three plaintiffs' lawyers in the country received the distinction of being ranked by Chambers and Partners for Privacy & Data Security Litigation.
[5] *See* https://chambers.com/lawyer/gary-klinger-usa-5:26875006;
https://www.lawdragon.com/guides/2023-09-08-the-2024-lawdragon-500-leading-litigators-in-america.
[6] https://www.law360.com/articles/1854005/rising-star-milberg-s-gary-klinger.

Klinger obtained reversal of a dismissal with prejudice in a data breach class action); *In re Blackbaud, Inc., Customer Data Breach Litig.,* No. 3:20-MN-02972-JMC, 2021 WL 2718439, at *1 (D.S.C. July 1, 2021) (Milberg attorneys defeated a standing challenge in a 10 million person data breach case).

Over the past 3 years, Mr. Klinger has settled on a classwide basis more than 100 class actions involving privacy violations, the majority of which are data breaches, in state and federal courts across the country as lead or co-lead counsel. To his knowledge, no other attorney in the country has settled and won court approval of more data breach class actions during this period.

Mr. Klinger also has the full weight of his law firm behind him. Since its founding in 1965, Milberg has repeatedly taken the lead in landmark cases that have set groundbreaking legal precedents, prompted changes in corporate governance, and recovered over $50 billion in verdicts and settlements. The firm pioneered federal class action litigation and is widely recognized as a leader in defending the rights of victims of large-scale wrongdoing. The firm currently is involved in some of the largest and well-known class action cases in the country and is particularly active in the field of data breach and privacy litigation. The firm is comprised of dozens of attorneys who work from offices across the United States and Europe. Milberg attorneys come from diverse backgrounds and reflect the diversity of the bar and the classes they seek to represent—from the standpoint of age, gender, experience, and geographic location.[7] A copy of Mr. Klinger's firm resume is attached hereto as ***Exhibit B***.

### iii. *Jeff Ostrow of Kopelowitz Ostrow P.A.*

---

[7] *See* Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large and Mass-Tort MDLs* at 38, 45-46 (2d ed. 2018), *available at* https://judicialstudies.duke.edu/wp-content/uploads/2018/09/MDL-2nd-Edition-2018-For-Posting.pdf ("Duke Guidelines") ("The judge's primary responsibility in the selection process is to ensure that the lawyers appointed to leadership positions are capable and experienced and that they will responsibly and fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and backgrounds.").

Jeff Ostrow is the Managing Partner of KO and has been practicing law for 28 years. Mr. Ostrow established the South Florida-based firm immediately following his graduation from Nova Southeastern University in 1997 and has since grown it to 30 attorneys. Beyond managing the firm, Mr. Ostrow heads the class action department and maintains a full caseload of nationwide class actions. Although Mr. Ostrow currently only represents class plaintiffs, he has prior experience defending large companies in class actions, including banks, commercial lenders, and tech companies, which affords him a valuable perspective and advantage in this action.

Mr. Ostrow oversees one of the largest plaintiffs' privacy groups in the country. He is currently court-appointed Lead Counsel in MDLs and in federal and state courts across the country. He is Lead Counsel in MDL-3090, *In re Fortra File Transfer Software Data Sec. Breach Litig.*, No. 24-md-3090 (S.D. Fla.), which involves 10 defendants and 6 million people, and settled for $27 million. Additional examples of data breach cases in which he serves as Lead or Class Counsel include: *In Re: AT&T Inc. Customer Data Sec. Breach Litig.*, 3:24-cv-00757 (N.D. Tex.), which settled for $177 million; *Owens v. MGM Resorts Int'l*, 2:23-cv-01480-RFB-MDC (D. Nev.), which settled for $45 million; *Harrell v. WebTPA Employer Servs. LLC*, No. 3:24-cv-01160 (N.D. Tex.), which settled for $13.75 million; *Butler v. Acadian Ambulance Serv., Inc.*, No. 6:24-cv-01011 (W.D. La.), affecting 3 million patients; and *In re DISA Global Data Breach Litig.*, No. 4:25-cv-00821 (S.D. Tex.), affecting 3.3 million individuals. Moreover, Mr. Ostrow has court-appointed positions in MDLs including *In In re: Evolve Bank & Trust Customer Data Breach Litig.*, MDL No. 3127 (W.D. Tenn.), which settled for $17.0 million, as well as *In re: Snowflake, Inc., Data Breach Litig.*, MDL No. 3126 (D. Mont.); and *In re: PowerSchool Holdings, Inc. Customer Data Sec. Breach Litig.*, MDL No. 3149 (S.D. Cal.).

For 13 years, KO has served as Coordinating Counsel, Settlement Class Counsel, and Lead

Class Counsel in *In re Checking Acct. Overdraft Litig.*, No. 1:09-MD-02036-JLK (S.D. Fla.), a large MDL resulting in recovery of $1.2 billion from the nation's largest banks, and Liaison Counsel in *In re Disposable Contact Lens Antitrust Litig.*, No. 3:15-md-2626-HES-JRK (M.D. Fla.), an antitrust class action with $85 million recovered to date. KO is also co-counsel for Broward County and the City of Fort Lauderdale in *In re: Nat'l Prescription Opiate Litig.*, No. 1:17-md-2804 (N.D. Ohio), and for the Broward and Miami-Dade County School Boards in *In re Juul Labs*, No. 19-md-2913 (N.D. Cal.), recovering $100 million and $26 million, respectively.

Federal judges have recognized Mr. Ostrow's commitment to excellence. In *Farrell v. Bank of America, N.A.*, 327 F.R.D. 422, 432 (S.D. Cal. 2018), in which Mr. Ostrow served as lead counsel on behalf of millions of people, U.S. District Judge James Lorenz made the following observation in granting final approval of a settlement including a $68 million recovery and $1.2 billion in injunctive relief requiring the defendant bank to end an enormously lucrative practice:

> Class Counsel achieved this result through tenacity and great skill. In all of their written submissions and in their presentation at the Final Approval Hearing, Class Counsel's arguments were laudably clear and precise, no small feat given the complexity of the legal questions at issue here. It is clear that substantial preparation went into all of Class Counsel's work on this case.

In another recent case in which Mr. Ostrow was lead counsel, U.S. District Judge Jose Martinez noted, "Class Counsel worked extensively and with a high level of skill to advance Plaintiff's claims ... The case involved difficult factual and legal issues from a global pandemic. ... Despite the strong defenses presented by [Defendant], Class Counsel obtained an excellent result for the Settlement Class Members." *Rosado v. Barry Univ., Inc.*, No. 1:20-cv-21813-JEM (S.D. Fla.), ECF No. 84 at 14. Mr. Ostrow has worked productively with Proposed Interim Class Counsel in other cases. A copy of Mr. Ostrow's firm resume is attached hereto as ***Exhibit C***.

### iv. *Joe Kendall of the Kendall Law Group, PLLC*

Former United States District Judge Joe Kendall is the owner of Kendall Law Group.  Mr. Kendall served on the federal bench in the Northern District of Texas from 1992-2002, appointed by President George Herbert Walker Bush.  He was unanimously confirmed by the U.S. Senate.  At the time of his appointment, he was the youngest U.S. District Judge in the country.  He also served as state district judge of the 195th Judicial District Court in Dallas from 1987-1992.  In his judicial career, he has presided over approximately 500 jury trials and disposed of over 11,000 cases.  Mr. Kendall has a B.B.A. from the Cox School of Business at Southern Methodist University and a law degree from Baylor University.  Mr. Kendall served as a Commissioner on the United States Sentencing Commission from 1999 through 2002, appointed by President Bill Clinton. Since leaving the bench for economic reasons and returning to trial work, Mr. Kendall has had tremendous success at the prosecution of patent and class action litigation either as lead, co-lead or local counsel.

While on the federal bench, Mr. Kendall handled class actions of various types and presided over numerous civil jury trials, including complex litigation, securities, antitrust, qui tam, medical malpractice, products liability, and patent infringement cases.  He presided over a multi-district litigation case, and also environmental and CERCLA cases.  He is the author of more than 250 judicial opinions published in the federal reporters or legal research databases. In his career as a lawyer, Mr. Kendall has personally tried more than 100 jury trials to judgment.

Additionally, Mr. Kendall taught new federal judges for the Federal Judicial Center in Washington, D.C. and has taught docket management techniques to experienced federal judges throughout the country.  He is a former board member of the Federal Judges Association and was editor of *In Camera*, the newsletter of the Federal Judges Association.

A copy of Mr. Kendall's firm resume is attached hereto as ***Exhibit D***.

### v. *Executive Committee Members*

The Executive Committee will consist of additional Plaintiffs' counsel. James Pizzirusso of Hausfeld LLP will serve on Executive Committee as Settlement Counsel in coordination with Lead Counsel. Mr. Pizzirusso helped negotiate the two largest data breach settlements ever reached. Judge Thomas W. Thrash appointed Mr. Pizzirusso to the PSC and Settlement Committees in *In re Equifax, Inc. Customer Data Sec. Breach Litig.*, MDL No. 1:17-md-2800-TWT (N.D. Ga.), where he was instrumental in putting together the largest ever data breach settlement: a $500 million cash settlement with $1 billion in upgraded data security. Judge Brian C. Wimes appointed Mr. Pizzirusso as Co-Lead Counsel in *In re T-Mobile Data Security Breach Litig.*, MDL No. 4:21-md-03019-BCW (W.D. Mo.), where he helped secure the second largest data breach ever valued at $500 million for the 70 million victims of that data breach.

Additional members of the Executive Committee will include: Tom Loeser of Cotchett, Pitre & McCarthy LLP; Raina Borrelli of Strauss Borelli PLLC; Leigh Montgomery of EKSM, LLP; Gerard Stranch of Stranch, Jennings & Garvey, PLLC; Lynn Toops of Cohen Malad, LLP; William B. Federman of Federman & Sherwood; David Lawrence of Rigby Slack PLLC; Scott Falgoust of Bryson Harris Suciu Demay PLLC; and Paul Doolittle of Poulin Willey Anastopoulo, LLC. The Executive Committee members are all experienced and well qualified to serve in this action.

### 3. *Proposed Interim Class Counsel Have and Will Continue to Devote Sufficient Resources to this Case.*

The resources that Proposed Interim Class Counsel have already committed and will continue to commit to the case also strongly support their appointment. As demonstrated above, Proposed Interim Class Counsel and their firms' resources are not merely financial, but also include substantial expertise and work-product developed in other similar data privacy cases,

which will benefit Plaintiffs and the putative class. Proposed Interim Class Counsel's ability to draw from this well-developed repository of information of experience will also allow them to streamline the litigation.

### 4. *Additional Factors Supporting Formal Designation of Proposed Interim Class Counsel.*

In order to avoid a dispute and streamline this case, Proposed Interim Class Counsel now have the support of all plaintiffs in the Related Actions, which also weighs in favor of their appointment. *See In re Aluminum Phosphide Antitrust Litig.*, 1994 WL 481847, at *5, 7 (D. Kan. May 17, 1994) (In designating lead counsel, courts "also give due consideration to the preferences expressed by the parties themselves, through their counsel."). Additionally, Proposed Interim Class Counsel moved quickly to coordinate the leadership structure to avoid delay with potential multi-district litigation proceedings due to the egregious nature of Defendant's unlawful conduct. Proposed Interim Class Counsel seek this leadership structure to best serve the interests of the class and intend to litigate the case zealously while fully aware of the Court's expectation that they prosecute the case efficiently and with no duplication. Thus, they have already discussed how best to organize to efficiently prosecute and manage the case while avoiding unnecessary and duplicative billing.

## III.    **CONCLUSION**

For the reasons stated above, Plaintiffs respectfully request the Court: (1) stay Defendant's deadlines to respond to the complaints in the individual Related Actions pending a decision on Plaintiffs' motion to consolidate actions and, if granted, until a consolidated complaint is filed; (2) consolidate the Related Actions and future actions into the first-filed action, under the caption: "*In re Oracle Data Breach Litigation*"; (3) appoint Mark Lanier, Gary Klinger, and Jeff Ostrow as Interim Co-Lead Class Counsel; (4) appoint Joe Kendall as Interim Liaison Counsel; (5) appoint

James Pizzirusso of Hausfeld LLP to the Interim Executive Committee (to work as Settlement Counsel in coordination with Lead Counsel); (6) appoint additional Interim Executive Committee Members including: Tom Loeser, Leigh Montgomery, Raina Borrelli, Gerard Stranch, Lynn Toops, William B. Federman of Federman & Sherwood, David Lawrence of Rigby Slack PLLC, Scott Falgoust of Bryson Harris Suciu Demay PLLC, and Paul Doolittle; and (7) set a schedule, directing Plaintiffs to file a Consolidated Complaint within 60 days after the Court appoints Interim Class Counsel. A proposed order is submitted herewith.

Dated: December 19, 2025                         Respectfully submitted,

*/s/ Joe Kendall*
Joe Kendall
Texas Bar No. 11260700
**KENDALL LAW GROUP, PLLC**
3811 Turtle Creek Blvd., Suite 825
Dallas, Texas 75219
Telephone: 214/744-3000
Fax: 214/744-3015
jkendall@kendalllawgroup.com

***Counsel for Plaintiffs Eagan, Sainvil, Magnusson, Woodson, and Barnes***

W. Mark Lanier
**THE LANIER LAW FIRM**
10940 W. Sam Houston Pkwy N., Suite 100
Houston, TX 77064
Tel.: 713-659-5200
Fax: 713/659-2204
Mark.Lanier@lanierlawfirm.com

Jeff Ostrow*
**KOPELOWITZ OSTROW P.A.**
One West Las Olas Blvd, Suite 500
Fort Lauderdale, FL 33301
Tel: 954-332-2100

ostrow@kolawyers.com

Gary Klinger
**MILBERG, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel: 866-252-0878
gklinger@milberg.com

*Counsel for Plaintiff Barnes*

Raina C. Borrelli*
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, Illinois 60611
Tel: 872-263-1100
raina@straussborrelli.com

*Counsel for Plaintiffs Eagan, Brown,*
*Woodson, Bryant, Culpepper, Isaac, Pool,*
*King, Valdes, Torrente, LaMere,*
*Waggoner, Brannon, Morrison, Bennett,*
*Blount, Volsky, Peterson, Parks, Daly,*
*Ross, Smith, Donald*

Leigh S. Montgomery
**ELLZEY KHERKHER SANFORD**
**MONTGOMERY, LLP**
Texas Bar No. 24052214
4200 Montrose Blvd., Suite 200
Houston, Texas 77006
Tel: 888-350-3931
lmontgomery@eksm.com
Service only: service@eksm.com

*Counsel for Plaintiffs Hernandez, Gomez,*
*Garza, Huntley, Jimenez, Dalton, Peterson,*
*Shike, Smouse,Wilson, Long, Guardado,*
*and Hughes*

Paul J. Doolittle, Esq.[*]
**POULIN | WILLEY | ANASTOPOULO**
32 Ann Street
Charleston, SC 29403
Tel: 803-222-2222
paul.doolittle@poulinwilley.com

cmad@poulinwiley.com

**Counsel for Plaintiff Hightower, Long, Guardado, and Hughes**

J. Gerard Stranch, IV*
Grayson Wells*
**STRANCH, JENNINGS & GARVEY, PLLC**
The Freedom Center
223 Rosa L. Parkes Avenue, Suite 200
Nashville, TN 37203
Tel : 615-254-8801
gstranch@stranchlaw.com
gwells@stranchlaw.com

**Counsel for Plaintiffs Magnusson, King, Nance, Valdes, Blount, Volsky, Peterson, Parks**

Lynn A. Toops*
Amina A. Thomas*
**COHENMALAD LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
Tel: 317-636-6481
ltoops@cohenmalad.com
athomas@cohenamalad.com

**Counsel for Plaintiffs Sainvil, Torrentes, and Bennett**

James J. Pizzirusso (admitted Pro Hac Vice)
**HAUSFELD LLP**
1200 17th Street, NW, Suite 600
Washington, DC 20036
T: 202-540-7200
E: jpizirusso@hausfeld.com

David C. Lawrence
Texas Bar No. 24041304
Braden N. Anderson
Texas Bar No. 24138083
**RIGBY SLACK, PLLC**
3500 Jefferson Street, Suite 330
Austin, Texas 78731

Tel: 512-782-2060
dlawrence@rigbyslack.com
banderson@rigbyslack.com

***Counsel for Plaintiffs Smith, Ellis,
Ferrero, Greco, Martel, Martins, Molina,
Reynolds, Rosenboim, Sampson, Sanchez
and Wand***

William B. Federman Tex. Bar No.
00794935
Jessica W. Wilkes
**FEDERMAN & SHERWOOD**
4131 N. Central Expressway, Ste. 900
Dallas, TX 75204
T: (800) 237-1277
E: wbf@federmanlaw.com
E: jaw@federmanlaw.com

***Counsel for Plaintiff Vample***

Marc H. Edelson*
Liberato P. Verderame*
**EDELSON LECHTZIN LLP**
411 S. State Street, Suite N-300
Newtown, PA 18940
Telephone: (215) 867-2399
Facsimile: 267-685-0676
medelson@edelson-law.com
lverderame@edelson-law.com

***Counsel for Plaintiff Vample***

Scott J. Falgoust (La. Bar No. 33545)*
**BRYSON HARRIS SUCIU & DEMAY
PLLC**
5301 Canal Boulevard
New Orleans, LA 70124
P: (919) 585-5634
sfalgoust@brysonpllc.com

*\*Pro hac vice forthcoming*

25

## <u>CERTIFICATE OF CONFERENCE</u>

Plaintiffs' counsel has met and conferred with counsel for Defendant Oracle, who does not oppose consolidation and takes no position on the appointment of interim class counsel. Plaintiffs' counsel has been unable to meet and confer with the other Defendants regarding their position on the motion and those Defendants have not yet appeared in the Related Actions.

*/s/ Joe Kendall*

Joe Kendall

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that a true and correct copy of the foregoing instrument was filed using the Court's CM/ECF system on December 19, 2025, which will deliver electronic notice of same to all counsel of record.

*/s/ Joe Kendall*

Joe Kendall

26