**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| IN RE ORACLE CORPORATION DATA | § | |
| BREACH LITIGATION | § | |
| | § | |
| This Document Relates Only to Case Nos: | § | Master File No. 1:25-CV-01805-ADA-SH |
| | § | |
| 1:26-cv-01637 | § | |
| 1:26-cv-01654 | § | |
| 1:26-cv-01659 | § | |
| 1:26-cv-01774 | | |
| 1:26-cv-01791 | | |

**JOINT MOTION TO DECONSOLIDATE THE ORACLE PEOPLESOFT ACTIONS**
**FROM *IN RE ORACLE CORPORATION DATA BREACH LITIGATION***

1.      Plaintiffs Kelly Lundquist and Toni Andrade ("Plaintiffs") and Defendant Oracle

Corporation ("Oracle") jointly move pursuant to Federal Rule of Civil Procedure 42(a) for an

Order deconsolidating the following five actions from the instant consolidated litigation since

they relate to an entirely different data breach: *C.A. v. Oracle Corporation*, Case No. 1:26-cv-

01637 (W.D. Tex.) ("*C.A.*"); *Lundquist v. Oracle Corporation, et al.*, Case No. 1:26-cv-01654

(W.D. Tex.) ("*Lundquist*"); *Andrade v. Oracle Corporation, et al.*, Case No. 1:26-cv-01659

(W.D. Tex.) ("*Andrade*"); *Fosdyck v. Oracle Corporation, et al.*, Case No. 1:26-cv-01774 (W.D.

Tex.) ("*Fosdyck*"); and *Beatty v. Oracle Corporation, et al.*, Case No. 1:26-cv-01791 (W.D.

Tex.) ("*Beatty*") (collectively, the "Oracle PeopleSoft Actions").

**BACKGROUND**

*A. The Oracle EBS Data Breach*

2.      The instant consolidated litigation, *In Re Oracle Corporation Data Breach*

*Litigation*, No. 1:25-cv-01805 (W.D. Tex.), involves a targeted data breach concerning the

1

Russian cybercriminal syndicate "CL0P," that occurred in or around August 2025. *See* Consolidated Class Action Complaint, ECF No. 86 at ¶ 2.

3.    On or around August 9, 2025, CL0P exploited a security vulnerability (CVE-2025-61882) in Oracle's E-Business Suite ("EBS") software and then targeted and exfiltrated the private information of plaintiffs, who in turn were the customers and employees of the entities who used Oracle EBS (the "Oracle EBS Data Breach"). *Id.* at ¶¶ 72-73.

4.    On October 4, 2025, Oracle issued a Security Alert Advisory providing information about the Oracle EBS Data Breach and the CVE-2025-61882 security vulnerability. *Id.* at ¶ 74.

5.    Dozens of cases were filed related to the Oracle EBS Data Breach. These cases were consolidated into the instant action on January 5, 2026. *See* Consolidation Order, ECF No. 25.

6.    The Consolidation Order states in relevant part that "[t]his Order shall apply to any action filed in, transferred to, or removed to this Court ***which relates to the subject matter at issue in this case*** and is asserted on behalf of a class or representative action." Consolidation Order, ECF No. 25, at ¶ 12.

### B.  *The Oracle PeopleSoft Data Breach*

7.    In or around late May – early June 2026, a separate, unrelated data breach occurred involving Oracle's PeopleSoft Enterprise Applications, including Oracle's PeopleSoft Campus Solutions (the "Oracle PeopleSoft Data Breach"). The Oracle PeopleSoft Data Breach affected higher educational institutions as well as large corporations.

8.    On June 10, 2026, Oracle issued a Security Alert Advisory regarding a security vulnerability (CVE-2026-35273) in Oracle's PeopleSoft PeopleTools. Oracle acknowledged that

the software contained a vulnerability that could be exploited remotely and that its PeopleSoft customers were affected.[1]

9.      Oracle PeopleSoft is an enterprise resource planning software suite used by large organizations, including higher educational institutions, to manage core business.

10.     Oracle PeopleSoft and Oracle EBS are distinct enterprise software systems.

11.     On or around June 15, 2026, public reporting from the dark web revealed that over 62 gigabytes of Glendale Community College data, comprising approximately 304,000+ files, were compromised across their Oracle PeopleSoft Campus Solutions environment. *Andrade* Cmplt. at ¶ 20.

12.     Similarly, on or about June 15, 2026, public reporting from the dark web also revealed that over 28 gigabytes of Illinois Central College data, comprising approximately 122,000 files, were compromised across their Oracle PeopleSoft Campus Solutions environment. *Lundquist* Cmplt. at ¶ 20.

13.     Additionally, on or around June 25, 2026, car manufacturer Nissan North America, Inc. revealed to the California Attorney General that it was impacted by the Oracle PeopleSoft Data Breach.[2] *See also Beatty* Cmplt. at ¶ 9.

14.     On June 11, 2026, Google Threat Intelligence Group ("GTIG") and the cybersecurity firm Mandiant, identified an active compromise and extortion campaign attributed to UNC6240 (a cybercrime threat cluster that is widely linked to the hacking group known as "ShinyHunters") targeting Oracle's PeopleSoft application infrastructure.[3] According to

---

[1] *See* Oracle Security Alert Advisory - CVE-2026-35273, https://www.oracle.com/security-alerts/alert-cve-2026-35273.html.
[2] *See* Security Week, Nissan Employee Data Breached in Oracle PeopleSoft Hack, June 30, 2026, https://www.securityweek.com/nissan-employee-data-breached-in-oracle-peoplesoft-hack/.
[3] *See* Google Threat Intelligence Group, June 11, 2026, ShinyHunters Targets Education Sector with Oracle PeopleSoft Exploit.

GTIG/Mandiant, the activity was observed between May 27, 2026, and June 9, 2026, and they found it was consistent with the exploitation of the CVE-2026-35273 security vulnerability.[4]

15.    As a result of the Oracle PeopleSoft Data Breach five putative class actions were filed in this District against Oracle as well as defendants Illinois Central College, Glendale Community College, and Nissan North America, Inc.

16.    On June 17, 2026, Plaintiff C.A. filed the action styled *C.A. v. Oracle Corporation*, Case No. 1:26-cv-01637 (W.D. Tex.).

17.    On June 18, 2026, Plaintiff Kelly Lundquist filed the action styled *Lundquist v. Oracle Corporation, et al.*, Case No. 1:26-cv-01654 (W.D. Tex.).

18.    On June 18, 2026, Plaintiff Toni Andrade filed the action styled *Andrade v. Oracle Corporation, et al.*, Case No. 1:26-cv-01659 (W.D. Tex.).

19.    On June 30, 2026, Plaintiff Zac Fosdyck filed the action styled *Fosdyck v. Oracle Corporation, et al.*, Case No. 1:26-cv-01774 (W.D. Tex.).

20.    On July 1, 2026, Plaintiff Robert Beatty filed the action styled *Beatty v. Oracle Corporation, et al.*, Case No. 1:26-cv-01791 (W.D. Tex.).

21.    Oracle has represented to the Court it is still investigating the underlying claims in the Oracle PeopleSoft Data Breach. *See Unopposed Motion to Extend Time for Defendant Oracle Corporation to Answer, Move, or Otherwise Respond to Complaints Related to PeopleSoft Incident*, ECF No. 174.

22.    On June 25, 2026, *C.A.*, *Lundquist*, and *Andrade* Actions were *sua sponte* consolidated into *In Re Oracle Corporation Data Breach Litigation* pursuant to Paragraph 12 of

---

[4] *Id.*

the Consolidation Order. The *Fosdyck* and *Beatty* Actions were *sua sponte* consolidated on July 2, 2026.[5]

## ARGUMENT

23.     This consolidation was in error. The Oracle PeopleSoft Data Breach arises from a completely separate, and later data breach (occurring May – June 2026) affecting Oracle's PeopleSoft software product, as compared to Oracle EBS software product (occurring August 2025).

24.     Federal Rule of Civil Procedure 42(a)(2)-(3) states that "[i]f actions before the court involve a common question of law or fact, the court may: consolidate the actions; or issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a)(2)-(3).

25.     "Federal district courts have very broad discretion in deciding whether or not to consolidate" under Fed. R. Civ. P. 42(a). *Pfeffer v. HSA Retail, Inc.*, No. SA-11-cv-959-XR, 2012 WL 394645, at *1 (W.D. Tex. Feb. 6, 2012).

26.     "Under Rule 42(a), where actions involve a common question of law or fact, the court *may* consolidate the actions. This rule is permissive and vests a purely discretionary power in the district court." *Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*, No. 2:23-cv-00050-

---

[5] It is unclear whether the Court or the Clerk of Court *sua sponte* consolidated the Oracle PeopleSoft Actions since the minute entries on the dockets do not appear to indicate *who* ordered consolidation. *See Lundquist* Docket (June 25, 2026) ("Member Case consolidated into Lead Case 1:25-cv-1805 ADA SH, pursuant to paragraph 12 of the Consolidation Order (dkt # 25) in the lead case. All future pleading should be filed in 1:25-cv-1805. PLEASE do not file any further pleadings in this case. Member Case Administratively closed per chambers instruction. (cnr)") *cf. Beatty* Docket (July 2, 2026) ("Remark: Member Case consolidated into Lead Case 1:25-cv-1805-ADA-SH, pursuant to paragraph 12 of the Consolidation Order (dkt # 25) in the lead case. All future pleading should be filed in 1:25-cv-1805. PLEASE do not file any further pleadings in this case. Member Case Administratively closed per chambers instruction. (lme)"). Notwithstanding, a "[c]lerk's office's consolidation of the cases does not constitute Court action." *Colonial Webb Contractors Co. v. Hill Phoenix, Inc.*, No. 3:23-CV-722–HEH, 2024 WL 1256299, at *2 (E.D. Va. Feb. 20, 2024), *rev'd and remanded sub nom. ColonialWebb Contractors Co. v. Hill Phoenix, Inc.*, 175 F.4th 253 (4th Cir. 2026).

5

JRG, 2023 WL 5612452, at *1 (E.D. Tex. Aug. 29, 2023) (emphasis in original) (internal citations and quotations omitted).

27.     Thus, it is "logical that if the Court can consolidate actions upon its own initiative, it can [also] de-consolidate them." *In re Cent. Eur. Distribution Corp. Sec. Litig.*, No. 11-cv-6247 JBS-K, 2012 WL 5465799, at *11 (D.N.J. Nov. 8, 2012). *See, e.g., Entropic Commc'ns, LLC*, 2023 WL 5612452, at *4 (finding "deconsolidation [wa]s warranted" given the "dissimilarity of the legal and factual issues in the[] cases" and "[t]he lack of common subject matter in these cases"); *Wai Feng Trading Co. v. Quick Fitting, Inc.*, Nos. 13-033 S, 13-056 S, 2014 WL 4199174, at *4 (D.R.I. Aug. 22, 2014) ("The district court remains free to reconsider an order of consolidation when it is consonant with justice to do so. The court always retains the power to deconsolidate when the original order was entered before the court or the parties could consider the prejudice it would inflict; the order should be vacated when subsequent events reveal that consolidation is no longer appropriate.") (internal citations omitted); *Holler v. Townsend Corp.*, No. 2:23-cv-00353, 2025 WL 888434, at *3 (S.D.W. Va. Mar. 21, 2025) ("Likewise, the Court has considerable discretion to deconsolidate cases earlier joined.").

28.     Here, the Consolidation Order was entered on January 5, 2026, months before the Oracle PeopleSoft Data Breach occurred, and well before the Court could consider the prejudice it would inflict on the parties. Given the development of the Oracle PeopleSoft Data Breach, "consolidation is no longer appropriate." *Wai Feng Trading Co.*, 2014 WL 4199174, at *4.

29.     In Oracle's July 16, 2026 *Unopposed Motion to Extend Time for Defendant Oracle Corporation to Answer, Move, or Otherwise Respond to Complaints Related to PeopleSoft Incident*, which the Court granted on July 17, 2026 (ECF No. 174), Oracle stated:

> Further, the Court has sua sponte consolidated the PeopleSoft
> Incident Actions arises from an alleged data incident affecting

6

> Oracle's PeopleSoft product, ***which is unrelated to the alleged Oracle EBS data incident at issue in the above-captioned consolidated actio***n.  Due to …. potential need for severance of the PeopleSoft Incident Actions from the above-captioned consolidated action and subsequent consolidation of the PeopleSoft Incident Actions into a new consolidated action and the filing of a consolidated complaint, Oracle respectfully requests a 45day extensions of time to answer or otherwise respond to the complaint in each of the PeopleSoft Incident Actions in which it has been served.

ECF No. 174 at ¶ 6 (emphasis added).

30.     The Oracle PeopleSoft Data Breach does not involve the same common questions of law or fact as the Oracle EBS Data Breach. Not only are the facts different, but the claims/defenses are different; there are different software products—EBS *cf.* PeopleSoft; there are different threat actors—CL0P *cf.* ShinyHunters; there are different Oracle security vulnerabilities at issue—CVE-2025-61882 *cf.* CVE-2026-35273; as well as different discovery, and different class definitions.

31.     Plaintiffs and Oracle will be prejudiced if the Oracle PeopleSoft Actions remain consolidated within *In Re Oracle Corporation Data Breach Litigation*. Plaintiffs and Oracle will be forced to litigate their claims in a consolidated case that has no relation to their claims and defenses. Deconsolidation would be a simple docket entry that would return the five Oracle PeopleSoft Actions to the status quo.

32.     Plaintiffs have conferred with Defendant Oracle who supports and joins in this motion.

## CONCLUSION

33.     Deconsolidation is appropriate here. Plaintiffs and Oracle jointly request this Court enter the [Proposed] Order deconsolidating these cases and transferring them back to their

7

original dockets, where Plaintiffs will promptly seek consolidation and briefing on the

appointment of interim class counsel.

Dated: July 31, 2026                                  Respectfully submitted,

                                          By: */s/ W. Mark Lanier*
                                               W. Mark Lanier
                                               Texas Bar No. 11934600
                                               **THE LANIER LAW FIRM, P.C.**
                                               10940 W. Sam Houston Pkwy N., Suite 100
                                               Houston, TX 77064
                                               Tel: 713-659-5200
                                               Mark.Lanier@lanierlawfirm.com

                                               *Interim Co-Lead Class Counsel and Counsel*
                                               *for Plaintiffs C. A., Robert Beatty, and Zac*
                                               *Fosdyck*

                                               Evan M. Janush (*admitted pro ha vice*)
                                               **THE LANIER LAW FIRM, P.C.**
                                               535 Madison Ave
                                               New York, NY 10022
                                               Tel.: 212-421-2800
                                               evan.janush@lanierlawfirm.com

                                               *Counsel for Plaintiffs C. A., Robert Beatty,*
                                               *and Zac Fosdyck*

                                               */s/ Emil Lippe, Jr.*
                                               Emil Lippe, Jr.
                                               Texas State Bar No. 12398300
                                               **LAW OFFICES OF LIPPE &**
                                               **ASSOCIATES**
                                               Park Place at Turtle Creek
                                               2911 Turtle Creek Blvd., Suite 1250
                                               Dallas, Texas 75219
                                               Tel. (214) 855-1850
                                               Fax. (214) 720-6075
                                               Email: emil@texaslaw.com

                                               *Local Counsel for Plaintiffs Kelly Lundquist*
                                               *and Toni Andrade*

8

Christian Levis (admitted *pro hac vice*)
Amanda G. Fiorilla (admitted *pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, New York 10601
Tel: (914) 997-0500
Email: clevis@lowey.com
Email: afiorilla@lowey.com

Anthony M. Christina
(admitted *pro hac vice*)
**LOWEY DANNENBERG, P.C.**
One Tower Bridge
100 Front Street, Suite 520
West Conshohocken, PA 19428
Tel: (215) 399-4770
Email: achristina@lowey.com

*Counsel for Plaintiffs Kelly Lundquist and Toni Andrade*

Gary M. Klinger
**MILBERG, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Phone: 866.252.0878
Email: gklinger@milberg.com

Jeff Ostrow
**KOPELOWITZ OSTROW, P.A.**
1 West Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301
Tel.: (954) 332-4200
ostrow@kolawyers.com

*Interim Liaison Counsel*

*/s/ Jason K. Fagelman*
Jason K. Fagelman
Texas State Bar No. 00796525
Joseph E. Simmons
Texas State Bar No. 24136261
**NORTON ROSE FULBRIGHT US LLP**
2200 Ross Avenue, Suite 3600
Dallas, TX 75201-7932
Tel: (214) 855-8000
Facsimile: (214) 855-8200
jason.fagelman@nortonrosefulbright.com
joseph.simmons@nortonrosefulbright.com

*Counsel for Defendant Oracle Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 31, 2026, a true and correct copy of the above was served on all counsel of record for the parties through the Western District of Texas's CM/ECF system.

<u>*/s/W. Mark Lanier*</u>
W. Mark Lanier